UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELVIN WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV814 HEA |
| ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendant, ) | |

## OPINION, MEMORANDUM AND ORDER

This litigation is before the Court having been removed to this Court pursuant to 28 U.S.C. § 1446(a), based on the Court's federal question jurisdiction, 28 U.S.C. § 1331.

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint. [Doc. No. 8].[1] Plaintiff has filed a Response in opposition to the Motion. [Doc. No. 12]. Defendant has filed a Reply. [Doc. No. 13]. Additionally, Defendant filed a Notice of Supplemental Authority. [Doc. No. 14]. For the reasons set forth below, the Motion is granted.

## Background[2]

Plaintiff Melvin Ward filed this action in the Circuit Court for the City of St. Louis, Missouri, on April 23, 2015. Therein, Plaintiff alleges that Defendant Midland Credit Management, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by filing a proof of claim in Plaintiff's bankruptcy proceedings on an alleged debt that was time-barred by the applicable statute of limitations. On March 14, 2015, Plaintiff filed

---

[1] Plaintiff's pleading is tilted a "Petition" because it was originally filed in state court. As the parties refer to the pleading as a "Complaint," the Court will do so as well for consistency.

[2] The recitation of facts is taken from Plaintiff's First Amended Complaint and are taken as true for the purposes of this motion. Such recitation in no way relieves any party from the necessary proof thereof in later proceedings.

an Objection to Claim against Defendant. The bankruptcy court sustained Plaintiff's Objection, and ordered Defendant's claim disallowed in its entirety on April 7, 2015.

**Standard**

A complaint must set out a "short and plain statement of [a plaintiff's] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To test the legal sufficiency of a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead facts from which the court can draw a "reasonable inference" of liability. *Iqbal*, 556 U.S. at 678. The complaint need not contain "detailed factual allegations" but must contain more than mere "labels and conclusions, and a formulaic recitation of the elements" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557. An "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," *id.* at 679, which "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

Under *Twombly* and *Iqbal*, "[a] plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). If the plaintiff "inform[s] the [defendant] of the factual basis for [her] complaint, [she] [is] required to do no more to stave off threshold dismissal for want of an adequate statement of [her] claim." *Id.*

In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Turning to any "well-pleaded factual allegations," the court should

"assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court may only consider the initial pleadings. *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 799 (8th Cir. 2011).

## Discussion

Plaintiff alleges that Defendant, through filing a proof of claim on a stale debt in Plaintiff's bankruptcy proceedings, violated various provisions of the FDCPA. Specifically, Plaintiff alleges that Defendant violated: (1) Section 1692d-f, by threatening action Defendant had no intention of taking, including misrepresenting that it possessed a legal right to enforce payment on Plaintiff's alleged debt; (2) Section 1692(e), by falsely representing the legal status of a debt; (3) Section 1692e-f, by filing a proof of claim on an alleged debt when the last alleged payment on the debt was older than the applicable statute of limitations; (4) Section 1692e, by using false, deceptive, and misleading tactics to collect the debt; and (5) Section 1692d-f, by engaging in harassing, abusive, unfair, and unconscionable conduct in the collection of a debt.

Plaintiff relies primarily on *Crawford v. LVNV Funding, LLC*, an Eleventh Circuit case which held that "[the defendant's] filing of a time-barred proof of claim against [the plaintiff] in bankruptcy was 'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of" the FDCPA. 758 F.3d 1254, 1261 (11th Cir. 2014). Some courts—primarily district courts in the Seventh Circuit—have followed *Crawford*. *See, e.g.*, *Reed v. LVNV Funding, LLC*, No. 14 C 8371, 2015 WL 1510375 *6 (N.D. Ill., March 27, 2015); *Patrick v. Quantum3 Group, LLC*, 2015 WL 627216 (S.D. Ind. 2015); *Matter of Sekema*, 523 B.R. 651, 653 (Bankr. N.D. Ind. 2015).

In moving for dismissal, Defendant argues that "an 'FDCPA claim cannot be predicated on a creditor's filing of a proof of claim,'" and therefore "'[f]iling a proof of claim subject to a limitations defense does not violate the FDCPA,'" particularly because "creditors such as [Defendant] are entitled to file proofs of claim even for stale debts.'" [Doc. No. 9 at 1] [quoting

*In re Humes*, 496 B.R. 557, 581 (Bankr. E.D. Ark. 2013); *In re Dunaway*, No. 14-41073-13-DRD, 2015 WL 2414866, at *3 (Bankr. W.D. Mo. May 19, 2015) (alteration in original); *In re Gatewood (Gatewood v. CP Medical, LLC)*, No. 5:14-ap-7068, Doc. 28 at 10 (Bankr. W.D. Ark. Feb. 6, 2015)).

In addition to the above-cited cases from bankruptcy district courts within the Eighth Circuit, Defendant relies upon a case from the District of Minnesota, which also held that "an FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceedings." *Middlebrooks v. Interstate Credit Control, Inc.*, 391 B.R. 434, 437 (D. Minn. 2008) (quotation omitted). Defendant further relies on many district court cases from other circuits that have come to the same or similar conclusions. *See, e.g.*, *In re Broadrick*, 532 B.R. 60 (Bankr. M.D. Tenn. 2015); *Birtchman v. LVNV Funding, LLC*, 2015 WL 1825970 (S.D. Ind. Apr. 22, 2015); *Owens v. LVNV Funding, LLC*, 2015 WL 1826005 (S.D. Ind. Apr. 21, 2015); *Donaldson v. LVNV Funding*, LLC, 2015 WL 1539607 (S.D. Ind. Apr. 7, 2015); *Torres v. Asset Acceptance, LLC*, No. 14-CV-6542, 2015 WL 1529297 (E.D. Pa. Apr. 7, 2015); *Johnson v. Midland Funding, LLC*, 528 B.R. 462, 469 (S.D. Ala. 2015); *In re LaGrone*, No. 14-AP-00578, 2015 WL 273373, at *8 (Bankr. N.D. Ill. Jan. 21, 2015). The court in *Broadrick* recently explained its view that:

> The FDCPA should not be implicated with regard to stale debts when a creditor merely (a) files an accurate proof of claim in a bankruptcy case, (b) when the proof of claim includes all the required information including the timing of the debt, (c) the applicable statute of limitations is one that does not extinguish the right to collect the debt but merely limits the remedies, and (d) no legal impediment to collection or factual circumstances exist that would invoke the FDCPA other than merely the applicability of a statute of limitations.

*Broadrick*, 532 B.R. at 75. The *Broadrick* court made clear that it was not adopting a sweeping view that the FDCPA may never be applicable to actions taken in bankruptcy proceedings. *Id.* at 74–75.

Last month, the United States Bankruptcy Appellate Panel for the Eighth Circuit ("BAP") "found compelling" the *Broadrick* court's reasoning. *In re Gatewood*, ___ B.R. ___, 2015 WL 4496051, at *5 (B.A.P. 8th Cir. July 10, 2015).

Given the imbalance in the case law, with scales tipped in favor of Defendant's position, as well as the holding of this Circuit's BAP in *Gatewood*,[3] and the vast differences between lawsuits filed against individuals and to collect on debts versus proofs of claims filed in bankruptcy cases,[4] this Court will adopt and apply the *Broadrick* analysis.

---

[3] The BAP's holding is persuasive, though not binding on this Court. *In re Watkins*, 461 B.R. 57, 60 n.2 (W.D. Mo. 2011) (citing *In re Pepmeyer*, 273 B.R. 782, 785 (N.D.Iowa 2002); *In re Williams*, 257 B.R. 297, 301 n. 5 (Bankr. W.D. Mo.2001)).

[4] One court explained, these differences thusly:
> First, in collection lawsuits, the debtors themselves must assert the statute of limitations in an answer. Debtors in bankruptcy cases, on the other hand, have the benefit of a trustee with a fiduciary duty to all parties to examine proofs of claims and object to the allowance of any claim that is improper.
> Second, a debtor in bankruptcy has much less at stake in the allowance of a proof of claim than a defendant facing the prospect of an adverse judgment in a collection lawsuit. A proof of claim does not result in collection from the debtor personally but seeks only a share in the total payments available to all of the debtor's creditors. This is most obvious in a Chapter 7 case, where the debtor's nonexempt assets are the sole source of payments to creditors and where it is rare for the value of these assets to exceed the amount of the debt. Accordingly, in most Chapter 7 cases, the debtor has no standing to object to claims. In Chapter 13, creditors are paid through a plan the debtor proposes, but in a case like the present one, where the debtor is proposing to pay the creditors less than the full amount of their claims, the effect is similar to Chapter 7: the debtor will pay the same total amount to creditors, regardless of whether particular proofs of claim are disallowed.
> Third, in a collection lawsuit a consumer debtor would have to retain and likely pay for the services of a lawyer. Debtors in bankruptcy, by contrast, are likely from the outset of the case to be represented by an attorney who can both advise them about the existence of a statute of limitations defense and file an objection if the trustee does not.
> Finally, even if the trustee fails to file a claim objection based on the statute of limitations, even if filing a claim objection would have a significant benefit for the debtor, and even if the debtor did not have legal assistance, it would be easier—and less embarrassing—for the individual debtor to file a claim objection pro se than to deal with an untimely collection lawsuit. Under Bankruptcy Rule 3001(c)(3), a claim for credit card debt—such as the one at the center of this adversary proceeding—must list the creditor who held the debt at the time of the account holder's last transaction, the date of the last transaction, the date of the last payment, and the date the account was charged to profit or loss. As explained in the Advisory Committee Notes to the 2012 Amendments, these required disclosures were designed to "provide a basis for assessing the timeliness of the claim." So unlike the consumer who has only the information required in a state court complaint, a debtor in bankruptcy should always have the information needed to determine whether the statute of limitations for a claim has expired. And unlike the situation in a collection action, where a consumer debtor would need to become acquainted with the applicable procedures and make a potentially embarrassing appearance, the debtor in a bankruptcy case would be

Here, the parties do not dispute the following: Defendant filed an accurate proof of claim in Plaintiff's bankruptcy proceedings; the proof of claim included all of the required information including the timing of the debt; the applicable statute of limitations is one that does not extinguish the right to collect the debt but merely limits the remedies;[5] and no legal impediment to collection or factual circumstances exist that would invoke the FDCPA other than merely the applicability of the applicable statute of limitations. *Broadrick*, 532 B.R. at 75.

The Court therefore finds that the FDCPA should not be implicated and will grant Defendant's Motion, and dismiss this case.

## Conclusion

Based on the foregoing, the Court grants Defendant's Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**.

An appropriate Judgment will accompany this Opinion, Memorandum and Order.

Dated this 14th day of August, 2015.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

involved in the case before the untimely proof of claim was filed and would already be familiar with the procedures for filing documents with the court.
*LaGrone*, 525 B.R. at 426–27 (citations omitted).

[5] In Missouri, "statutes of limitations 'merely suspend the remedy without extinguishing the right.'" *Discovery Grp. LLC v. Chapel Dev., LLC*, 574 F.3d 986, 990 (8th Cir. 2009) (quoting *Rincon v. Rincon*, 571 S.W. 2d 475, 476 (Mo. Ct. App. 1978)).